Joseph Kanee, Esq.
*Admitted Pro Hac Vice*
MARCUS & ZELMAN, LLC
4000 Ponce de Leon, Suite 470
Coral Gables, FL 33146
Phone: (786) 369-1122
FAX: (732) 298-6256
Email: joseph@marcuszelman.com
*Attorneys for Plaintiff*
*Lori Hackett*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LORI HACKETT,<br><br>       Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and AMERICAN EXPRESS COMPANY,<br><br>       Defendants. | Case No.: **2:24-cv-00378-GMN-MDC**<br><br>**DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER**<br><br><u>**SPECIAL SCHEDULING REVIEW REQUESTED**</u> |

<u>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**</u>

Plaintiff LORI HACKETT and Defendants EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and AMERICAN EXPRESS COMPANY by and through their counsel of record, hereby submit their stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 16 and 26, as well as LR 16-1 and 26-1.

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a telephonic meeting was held on April 19, 2024.

It is hereby requested that the Court enter the following discovery plan and scheduling order:

**1. Discovery Plan:**

| | |
|---|---|
| Discovery Cut-Off | **11/26/2024** (240 days from the date the first Defendant filed its Answer) |
| Deadline to Amend Pleadings | **08/26/2024** (90 days prior to the close of discovery) |
| Deadline to Disclose Initial Expert Disclosures | **09/25/2024** (60 days prior to the close of discovery) |
| Deadline to Disclose Rebuttal Expert Disclosures | **10/25/2024** (30 days after the Initial Disclosure of Experts) |
| Deadline to File Dispositive Motions | **12/27/2024** (30 days after the close of discovery) |

**3. Pre-Trial Order:** The parties shall file a joint pretrial order no later than **01/24/2025** or thirty (30) days after the date set for filing dispositive motions. In the event that parties file dispositive motions, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or further order of the Court.

4. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Applications to extend any date set by the discovery plan, scheduling order, or other order must comply with the Local Rules.

5. **Initial Disclosures:** The parties who have filed a responsive pleading shall make initial disclosures on or before **04/30/2024.** All other parties shall have 14-days after the date of filing their responsive pleading to make initial disclosures. Any party seeking damages shall comply Federal Rules of Civil Procedure 26(a)(1)(A)(iii).

6. **Protective Order:** The parties may seek to enter a stipulated protective order pursuant to Rule 26(c) prior to producing any confidential documents.

The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for, scope and form of such a protective order, Counsel will confer and submit a jointly proposed protective order to the Court at such time. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

7. **Electronic Service:** The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email.

The parties, through their undersigned counsel, agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other

3

papers may be served by sending such documents by email to the primary and secondary email addresses of all counsel or record (or any updated email address provided to all counsel of record).  The parties also agree, upon request, to promptly (no later than the second business day after the service) provide the sending party with confirmation of receipt of the service by email.  The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If any error or delayed delivery message is received by the sending party that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**8. Alternative Dispute Resolution Certification:**  The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, early neutral evaluation. The parties have not reached any stipulations at this stage.

**9. Alternative Forms of Case Disposition Certification:**  The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties have not reached any stipulations at this stage.

**10. Electronically Stored Evidence.**

The parties have discussed the retention and production of electronic data. The parties agree that service of discovery by electronic means, including sending original electronic files by email or on a CD is sufficient. The parties reserve the right to revisit this issue if a dispute or need arises.

The parties do not believe that this case is suitable for discovery of electronically stored information in native format but state that production of any relevant electronically stored information in hard copy (PDF or other similar means) has been sufficient in prior similar FCRA cases.

**11. Electronic Evidence Conference Certification:** The parties further intend to present evidence in electronic format to jurors for the purposes of jury deliberations at trial. The parties discussed the presentation of evidence for juror deliberations but did not reach any stipulations as to the method at this early stage.

The parties will consult the court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the court's electronic jury evidence display system.

**12. Protection of Privileged/Trial Preparation Material:**

The parties have discussed the possibility that privileged or protected information may be disclosed inadvertently in the disclosure and discovery proceedings of this lawsuit. The parties agree that a claim of privilege, work product, or other right of non-

disclosure may be made by the producing party of any such materials after disclosure or production in the manner allowed by FED. R. CIV. P. 26(b)(5)(B); the parties shall then proceed as provided by that provision. The parties also agree that, if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties will work in good faith to submit a stipulated protective order to the Court to protect certain confidential and/or trade secret information.

The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

**13.    Reasons for Request for Special Scheduling Review:**

The Parties are requesting a special scheduling review pursuant to LR 26-1(a) because additional time for discovery is required in this case for the following two reasons: (1) Equifax and American Express have not yet filed an answer or other responsive pleading; and (2) the Parties anticipate that it will be difficult to schedule and conduct depositions of the various FRCP 30(b)(6) representatives within the default times mandated by LR 26-1(b) due to the upcoming summer and associated vacations and holidays (Memorial Day, Independence Day and Labor Day) and volume of FCRA cases the Defendants have pending here and in other jurisdictions.

Dated May 7, 2024

| /s/Joseph Kanee | /s/ Bob L. Olson |
|---|---|
| Joseph Kanee, Esq. | Bob L. Olson, Esq. |
| MARCUS & ZELMAN, LLC | SNELL & WILMER LLP |
| 4000 Ponce de Leon, Suite 470 | 3883 Howard Hughes Pkwy Ste 1100 |
| Coral Gables, FL 33146 | Las Vegas, NV 89169 |
| (786) 369-1122 | (702) 784-5200 |
| joseph@marcuszelman.com | bolson@swlaw.com |
| PRO HAC VICE | Attorney for Defendant |
| Attorney for Plaintiff | Experian Information Solutions, Inc. |

| | |
|---|---|
| | /s/ Gia Marina<br>Gia Marina, Esq.<br>CLARK HILL PLC<br>1700 South Pavilion Center Dr, Ste 500<br>Las Vegas, NV 89135<br>(702) 862-8300<br>gmarina@clarkhill.com<br>Attorney for Defendant<br>Equifax Information Services, LLC |
| | /s/ Sarai L. Brown<br>Sarai L. Brown, Esq.<br>SKANE MILLS LLP<br>1120 Town Center Drive, Suite 200<br>Las Vegas, NV 89144<br>(702) 363-2535<br>sbrown@skanemills.com<br>Attorney for Defendant<br>Trans Union, LLC |
| | /s/ Sihomara L. Graves<br>Sihomara L. Graves, Esq.<br>KAEMPFER CROWELL<br>50 W Liberty Street, Suite 1100<br>Reno, NV 89501<br>(775) 852-3900<br>sgraves@kcnvlaw.com<br>Attorney for Defendant<br>American Express Company |

**SCHEDULING ORDER**

The above-set stipulated Discovery Plan of the parties shall be the Scheduling Order for this action pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16-1.

IT IS SO ORDERED

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

Dated: May 9, 2024